

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-16-2010

# Warren F Arsad, Jr. v. Rayford Means

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3152

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"Warren F Arsad, Jr. v. Rayford Means" (2010). *2010 Decisions*. Paper 1889.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1889

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3152
_____

WARREN F. ARSAD, JR.,
                                                            Appellant
vs.

JUDGE RAYFORD MEANS, PHILADELPHIA COURT COMMON PLEAS;
ADA CAROL SWEENEY, ESQ., DISTRICT ATTORNEY OFFICE;
JOHN W. GOLDSBOROUGH, ESQ.;
ROBIN GODFREY, ESQ., DISTRICT ATTORNEY'S OFFICE

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 09-cv-02980)
District Judge:  Honorable Robert F. Kelly

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 29, 2010
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

Opinion filed: February 16, 2010
_____

OPINION
_____

PER CURIAM.

        Appellant, Warren Arsad, appeals the District Court's order dismissing his

1

pro se complaint. Upon consideration of the record, we conclude that the District Court properly determined that the Arsad's claims were legally frivolous. Therefore, because the appeal presents no arguable issues of fact or law, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

Arsad, a state prisoner currently incarcerated at SCI-Cresson, filed a civil rights action pursuant to 42 U.S.C. § 1983 against the Honorable Rayford A. Means of the Philadelphia Court of Common Pleas, and three attorneys from the Philadelphia District Attorney's Office. In his complaint, Arsad challenges, inter alia, Judge Means' jurisdiction and sentencing determinations with respect to a state criminal action, and accuses the Assistant District Attorneys of prosecutorial and professional misconduct with respect to that same criminal action. Arsad sought various monetary damages for what he alleges were violations of his "civil and human" rights. In an order entered on July 15, 2009, the District Court dismissed Arsad's complaint as legally frivolous under the in forma pauperis statute. This timely appeal followed.

We will dismiss the appeal as lacking legal merit pursuant to 28 U.S.C. § 1915(e)(2)(B), as Arsad's complaint was properly disposed of by the District Court. Initially we note that, insofar as appellant seeks money damages as a result of his conviction or sentence, Heck v. Humphrey, 512 U.S. 477 (1994), bars the action because Arsad has not alleged that his conviction or sentence has been invalidated. In Heck, the Supreme Court held that a state prisoner could not maintain an action for damages under

2

the civil rights laws if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.

To the extent that Arsad seeks monetary damages for an alleged constitutional violation in connection with his criminal proceedings that would not imply the invalidity of his conviction or sentence, the District Court correctly concluded that appellant's claims were meritless. Any challenge Arsad sought to assert with respect to the actions of a state court judge was properly disposed of with little discussion as judges are entitled to absolute immunity in § 1983 actions seeking monetary damages for acts performed in their judicial capacities. See Stump v. Sparkman, 435 U.S. 349 (1978). Likewise, the District Court committed no error in rejecting Arsad's claims against the state prosecuting attorneys as it is a well established principle that a prosecuting attorney acting within the scope of his duties is absolutely immune from a § 1983 suit for damages. Imbler v. Pachtman, 424 U.S. 409 (1976).

Accordingly, the appeal lacks merit and we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B). Neitzke v. Williams, 490 U.S. 319 (1989). Arsad's motions to "aggregate" and "consolidate" several of his many appeals are denied without discussion. We briefly note that some of the appeals Arsad seeks to have consolidated have already been closed.